Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
WadleyD@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 1:11CV00046 DN |
| PLAINTIFF, | Judge : David Nuffer |
| v. | |
| JOHN SCOTT CLARK, IMPACT CASH, LLC a Utah Limited Liability Company and IMPACT PAYMENT SYSTEMS, LLC a Nevada Limited Liability Company, | |
| DEFENDANTS. | |

**FINAL JUDGMENT AS TO DEFENDANTS IMPACT CASH, LLC AND IMPACT PAYMENT SYSTEMS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants Impact Cash, LLC and Impact Payment Systems, LLC ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any

      means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $28,974,272, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,236,372.46, for a total of $40,210,644.46.  The Court Appointed Receiver shall, pursuant to court order, liquidate and convert into money all assets belonging to the Defendants.  To facilitate the Receiver's identification, marshaling and liquidation of assets of all Defendants, the Order Freezing Assets and Prohibiting Destruction of Documents ("Docket #8") and all extensions and amendments of that Order, imposed pursuant to stipulation, Court order or otherwise, shall remain effective until further order of the Court.  Any disgorgement and/or prejudgment interest not collected at the conclusion of the

Receivership shall be waived, upon submission of the final accounting prepared by the Receiver and approved by the Court.

The Commission may, by motion, propose a plan to liquidate and distribute the assets, subject to the Court's approval.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 5, 2012.

BY THE COURT:

_____
David Nuffer
U.S. District Judge