IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>v.<br><br>JOHN SCOTT CLARK, et al.,<br><br><br><br>Defendants. | Case No.  1:11-cv-46 DN<br><br>**MEMORANDUM DECISION AND ORDER DENYING WULF'S MOTIONS FOR FUNDS TO BE PAID TO ATTORNEYS**<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 31, 2012, the Receiver filed a Motion to Approve Investment Analysis and to Approve First Distribution in this case.[1] The Receiver stated that he would "mail the checks to the investors as listed on the claim form."[2] He further stated: "The check will be made payable to the individual or entity listed under 'Investor Name' on the claim form. The Receiver will not send checks to counsel representing any claimant."[3]

In response to this statement, Attorney Arthur S. Wulf, who claimed to be representing various claimants in this case, filed a Motion to Pay Distributions to Attorney,[4] in which he requested that the court "order the Receiver to make distributions in care of the attorneys representing named claimants."[5] The Receiver then filed a response in which he pointed out that

---

[1] Docket no. 193, filed May 31, 2012.

[2] Memo in Support of Motion to Approve Investment Analysis and to Approve First Distribution at 6, docket no. 194, filed May 31, 2012.

[3] *Id.* at 7.

[4] Docket no. 197, filed June 4, 2012.

[5] *Id.* at 4.

the Plan of Distribution[6] "directs the Receiver to pay each claimant at his last known address."[7] The Receiver stated that he lacked confidence that Mr. Wulf represented all of the individuals that he claimed to represent. The Receiver stated that to avoid confusion, he would prefer to pay the investors directly.[8] Mr. Wulf filed a reply in which he attempted to clarify the scope of his representation of the claimants and again asked the court to order the Receive to make distributions in care of the attorneys representing the claimants.[9]

Due to the ambiguities concerning Mr. Wulf's representation, the court entered a docket text order stating that distributions to those persons whom Mr. Wulf claimed to represent would be held until July 20, 2012. Before that time, Mr. Wulf would be allowed to present written declarations of those persons stating that they wished the funds to be paid by a check sent to Mr. Wulf. After July 20, 2012, distributions to those persons for whom no declaration was filed would be made directly to them.[10] Mr. Wulf responded by submitting several "Letters of Representation" signed by some of his clients, as well as claim forms filed in this action which indicated that the claimants were represented by Mr. Wulf.[11] Mr. Wulf also filed a Notice of Attorney's Lien.[12]

The Receiver then filed a response pointing out that Mr. Wulf had not provided declarations from his clients stating that they wanted their funds to be sent to Mr. Wulf as the court had ordered, but instead had submitted letters of representation and investor claim forms.

---

[6] Docket no. 184-1, filed May 11, 2012.

[7] Receiver's Response to Arthur S. Wulf's Motion to Pay Distribution to Attorney (Response to Wulf's Motion to Pay Distribution to Attorney) at 1, docket no. 210, filed June 18, 2012. See Plan of Distribution, Article VIII, Section F.

[8] Response to Wulf's Motion to Pay Distribution to Attorney at 1.

[9] Emergency Reply, docket no. 215, filed June 25, 2012.

[10] Docket Text Order, docket no. 221, filed June 27, 2012.

[11] Docket no. 233, filed July 10, 2012.

[12] Docket no. 234, filed July 10, 2012.

The Receiver did not believe that those submissions satisfied the court's order. The Receiver stated that although he would like to disburse the funds immediately, he intended to hold the funds until the issue was resolved.[13]

Mr. Wulf then filed a supplemental response to the court's order with attached retainer agreements for some of his clients.[14] In addition, Mr. Wulf filed a motion for release of funds asking the court to order the immediate distribution of the funds to Mr. Wulf so that he could distribute the funds to the claimants.[15] Mr. Wulf followed up with a letter asking the court to order the Receiver to send the checks to him.[16] The Receiver responded to the motion reiterating that he did not believe that Mr. Wulf had complied with the court's order. The Receiver again stated that he would like to disburse the funds, but that he intended to hold them until the issue was resolved.[17] On August 31, 2012, Mr. Wulf's pro hac vice status was revoked.[18]

The Receiver recently filed a motion to approve investment analysis and to approve a second distribution.[19] In his supporting memorandum, he noted that he "is currently holding distribution checks to four claimants who may be represented by Mr. Wulf" that he would like to disburse.[20]

---

[13] Receiver's Response to Wulf's Response to Order Regarding Written Declaration of Arthur Wulf's Clients at 1-2, docket no. 238, filed July 18, 2012.

[14] Claimant Wulf's Supplemental Response to the Court' June 27th Order, docket no. 240, filed July 25, 2012.

[15] Wulf's Motion for Release of Funds, docket no. 246, filed August 8, 2012; Memorandum in Support of Wulf's Motion for Release of Funds at 3, docket no. 247, filed August 8, 2012.

[16] Letter dated August 20, 2012, docket no. 256, filed August 20, 2012.

[17] Response to Wulf's Motion for Release of Funds, docket no. 258, filed August 22, 2012.

[18] Docket no. 265, filed August 31, 2012.

[19] Docket no. 266, filed August 31, 2012.

[20] Docket no. 267 at 5, filed August 31, 2012.

## DISCUSSION

As discussed, the court ordered Mr. Wulf to submit declarations from his clients that they wanted their checks to be mailed to him. Instead of submitting such declarations, however, Mr. Wulf provided letters of representation, claim forms, and retainer agreements. The court concludes that Mr. Wulf's submissions are insufficient to comply with the order, especially in light of the confusion that has surrounded Mr. Wulf's representation. The court further concludes that the Notice of Attorney's Lien filed by Mr. Wulf does not prohibit the disbursement of the funds directly to the claimants. Under Utah law, "[a]n attorney seeking to enforce a lien must either bring a separate action to enforce his attorney lien or intervene in the underlying suit prior to judgment being entered."[21] Mr. Wulf has not complied with either of these requirements.

## ORDER

Mr. Wulf's Motion to Pay Distributions to Attorney,[22] and Wulf's Motion for Release of Funds[23] are DENIED. The Receiver is hereby authorized to send the distribution checks to the four claimants referred to in his memorandum in support of his motion to approve the second distribution.

Dated this 28th day of September, 2012.

BY THE COURT

David Nuffer
U.S. District Judge

---

[21] *Fisher v. Fisher*, 67 P.3d 1055, 1058 (Utah App. 2003).

[22] Docket no. 197, filed June 4, 2012.

[23] Docket no. 246, filed August 8, 2012.